```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVERGREEN COMMUNITY POWER LLC   :      CIVIL ACTION
                                :
          v.                    :
                                :
RIGGS DISTLER & CO., INC.       :      NO. 10-728
```

MEMORANDUM

Bartle, J.                                           July 19, 2012

After a non-jury trial, Evergreen Community Power LLC ("Evergreen") obtained a judgment in the amount of $962,444.98 against Riggs Distler & Co., Inc. ("Riggs"), a pipe installation contractor, for breaching the parties' contract in connection with the construction of a power plant for Evergreen in Reading, Pennsylvania.[1]  Before the court is the motion of Riggs to stay execution of judgment pending appeal without a supersedeas bond in accordance with Rule 62(d) of the Federal Rules of Civil Procedure.

>    Rule 62(d) provides:
>
>    If an appeal is taken, the appellant may
>    obtain a stay by supersedeas bond, except in
>    an action described in Rule 62(a)(1) or (2).
>    The bond may be given upon or after filing
>    the notice of appeal or after obtaining the

---

1. The court first entered a judgment in favor of Evergreen and against Riggs in the amount of $422,923.83 and later amended the judgment to include $539,521.15 in attorneys' fees, costs, and expenses in favor of Evergreen and against Riggs.

>order allowing the appeal. The stay takes
>effect when the court approves the bond.[2]

Riggs asks the court to waive the requirement of Rule 62(d) for a supersedeas bond.  It argues that its assets and its parent company's assets are sufficient to satisfy the judgment, that the cost required to obtain a supersedeas bond is unnecessary, and that obtaining such a bond would reduce its future bonding capacity and thus limit the amount of work it could undertake.

The purpose of the supersedeas bond under Rule 62(d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution.  Schreiber v. Kellogg, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993); see also AMG Nat'l Trust Bank v. Ries, No. 06-4337, 2008 U.S. Dist. LEXIS 44014, at *4 (E.D. Pa. June 4, 2008).  Accordingly, the bond should generally be sufficient in amount to satisfy the judgment, plus interest and costs.  Id.

Our Court of Appeals has not addressed whether courts may require a bond less than the amount of the full judgment or waive the requirement entirely.  See Galvan Montalvo v. Larchmont Farms, Inc., No. 06-2704, 2011 U.S. Dist. LEXIS 132049, at *3-4 (D.N.J. Nov. 16, 2011).  However, district courts in this circuit have joined Courts of Appeals of other circuits in determining that district courts may exercise their discretion under Rule

---

2.  Rules 62(a)(1) and (2) are not applicable here.

62(d) to waive the supersedeas bond requirement in certain cases. See, e.g., Dillon v. City of Chicago, 866 F.2d 902, 904 (7th Cir. 1988); Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); Tomasko v. Ira H. Weinstock, P.C., No. 3:98-cv-1978, 2009 U.S. Dist. LEXIS 17334, at *2 (M.D. Pa. Mar. 6, 2009).  These courts have required that there be "exceptional circumstances and ... an alternative means of securing the judgment creditor's interest." See, e.g., Tomasko, 2009 U.S. Dist. LEXIS 17334, at *2.

To determine whether exceptional circumstances exist, district courts within this Circuit have relied on the five factors described by the Seventh Circuit in Dillon, 866 F.2d at 904-05:  (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. Galvan Montalvo, 2011 U.S. Dist. LEXIS 132049, at *3-4 (citing Church & Dwight, 2009 U.S. Dist. LEXIS 64459, at *14).

Riggs argues based on Munoz v. City of Philadelphia, 537 F. Supp. 2d 749 (E.D. Pa. 2008) that it has sufficient resources to make a supersedeas bond an unnecessary waste of

money.  However, the circumstances in that case were quite different from those here.  In Munoz, the plaintiff had won a judgment of $429,230 against the City of Philadelphia.  In the court's view, a bond would have caused an unnecessary waste of taxpayers' money.  There was no question about the ability of Philadelphia, which has taxing power, to pay the judgment.

In contrast, Riggs is not a government entity, and its financial condition is not certain.  It has supplied the court with some evidence of its financials and those of its parent company, CVT Group, Inc. ("CVT"), to show Riggs' ability to pay the judgments, but this evidence consists of unaudited balance sheets and press releases.  The reliability of this evidence is questionable.  Furthermore, even if this evidence proved Riggs' ability to pay the judgment, there is no guaranty what the state of its finances will be after the appeal process concludes or whether CVT, the parent, will be willing to pay the judgment on its behalf.

Accordingly, applying the Dillon factors leads us to deny Riggs' motion because we are not entirely confident in "the availability of funds to pay the judgment," nor is "the defendant's ability to pay the judgment ... so plain that the cost of a bond would be a waste of money."  Dillon, 866 F.2d at 904-05.  Furthermore, Riggs admits in its brief in support of its motion that the cost of a supersedeas bond is not oppressive.  Finally, Riggs has not provided "an alternative means of securing the judgment creditor's interest," as generally required in this

discretionary analysis.  <u>See, e.g.</u>, <u>Tomasko</u>, 2009 U.S. Dist. LEXIS 17334, at *2.

       For these reasons, we will deny Riggs' motion for a stay of execution of judgments without a supersedeas bond pending appeal.  Riggs will have fifteen days from the date of the accompanying Order to file the appropriate bond.