```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVERGREEN COMMUNITY POWER LLC   :     CIVIL ACTION
                                :
        v.                      :
                                :
RIGGS DISTLER & CO., INC.       :     NO. 10-728
```

MEMORANDUM

Bartle, J.                                          August 31, 2012

Evergreen Community Power LLC ("Evergreen") seeks reconsideration of the court's Order dated August 1, 2012, which granted the motion of Riggs Distler & Co., Inc. ("Riggs") to deposit a cash bond of $1,154,933.98 in United States currency into the registry of the court to secure the stay of the execution of a judgment against it pending appeal.

After a non-jury trial, the court entered an amended judgment in favor of Evergreen in the amount of $962,444.98 and against Riggs, a pipe installation contractor, for breaching the parties' contract in connection with the construction of a power plant for Evergreen in Reading, Pennsylvania.[1]  Riggs has appealed the amended judgment, and Evergreen has cross-appealed. After filing its notice of appeal, Riggs moved in this court to stay execution of judgment pending appeal without the necessity of filing a supersedeas bond under Rule 62(d) of the Federal Rules of Civil Procedure.  Rule 62(d) provides:

---

1. The court first entered a judgment in favor of Evergreen and against Riggs in the amount of $422,923.83 and later amended the judgment to include $539,521.15 in attorneys' fees, costs, and expenses in favor of Evergreen and against Riggs.

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond.... The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

While the court under appropriate circumstances may waive the requirement of a bond, we denied Riggs' motion on July 19, 2012 and directed it "to file the appropriate supersedeas bond" within fifteen days from the date of the Order.  See Evergreen Community Power LLC v. Riggs Distler & Co., Inc., No. 10-728, 2012 U.S. Dist. LEXIS 100543, at *6 (E.D. Pa. July 19, 2012).

Riggs filed its "motion for approval of supersedeas bond" on July 30, 2012, when the undersigned was on vacation and not due to be back until after the fifteen days had passed. Riggs took the order to the emergency judge who signed it on August 1, 2012.  That order approved the filing of a "cash bond" with the court in the amount of $1,154,933.98.

Evergreen now argues that the court erred by allowing Riggs to file a cash bond rather than a supersedeas bond. Evergreen's objection to the cash bond is based on its contention that "[u]nlike a bond, Riggs Distler's cash may be subject to priority interests from Riggs Distler's creditors."  Evergreen cites no support for this proposition.

Our Court of Appeals has explained that a cash deposit with the court is held "in custodia legis."  The court "acts as a trustee" and may only "transfer these funds to a third party" in bankruptcy if the judgment on appeal is reversed.  See Mid-Jersey

National Bank v. Fidelity-Mortgage Investors, 518 F.2d 640, 643-44 (3d Cir. 1975).  The court also referred to the cash deposit as "serving as a supersedeas."  Id. at 644.  A district court within our circuit has determined that "a cash deposit is a type of supersedeas bond."  See Broege, Neumann, Fishcer & Shaver, L.L.C. v. Palone, No. 11-5230, 2012 U.S. Dist. LEXIS 8213, at *11 n.2 (D.N.J. Jan. 24, 2012).  Whether the deposit of cash is a type of supersedeas bond or in lieu of a supersedeas bond, we find no substantive difference under Rule 62(d) between cash deposited with the court by Riggs and a bond obtained from an insurance carrier.  Black's Law Dictionary (9th ed. 2009) (citing 1 Silvester E. Quindry, Bonds & Bondholders Rights & Remedies § 2, at 3-4 (1934)).  Indeed, the deposit of cash has the benefit of avoiding any concern about the solvency of the insurer.

The purpose of the supersedeas bond under Rule 62(d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution.  Schreiber v. Kellogg, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993); see also AMG Nat'l Trust Bank v. Ries, No. 06-4337, 2008 U.S. Dist. LEXIS 44014, at *4 (E.D. Pa. June 4, 2008).  The bond in whatever form should generally be sufficient in amount to satisfy the judgment, plus interest and costs.  Id.  Here, Riggs deposited with the court cash in the amount of $1,154,933.98, which is 120% of the amended judgment for damages and attorneys' fees entered against it.  The "coin of

the realm," as Riggs characterizes its cash deposit, is clearly sufficient as well as proper security.

Accordingly, we will deny Evergreen's motion for reconsideration of the Order dated August 1, 2012.